
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHANGXU ZHAO,

               Petitioner,

    v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   14-72979

Agency No. A200-801-553

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2021[**]
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Changxu Zhao, native and citizen of the People's Republic of China,

petitions for review of the decision of the Board of Immigration Appeals ("BIA"),

dismissing his appeal from an immigration judge's ("IJ") denial of his application

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1.      After considering the totality of the circumstances and all relevant factors, substantial evidence supports the IJ's adverse credibility finding based on (A) Zhoa's demeanor, (B) inconsistencies in Zhoa's testimony, and (C) Zhoa's failure to produce corroborating evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).

    A.      An IJ's demeanor finding is entitled to "special deference." *See Kin v. Holder*, 595 F.3d 1050, 1056 (9th Cir. 2010). The IJ had the opportunity to observe Zhao and noted (as outlined by the BIA) that Zhao "appeared to be testifying from rote memorization, describing different incidents of purported beatings as if each incident was exactly the same as the others, and without any emotion." This example is sufficient to support an adverse credibility finding. *See id.*

    B.      Zhao did not challenge the conclusion that he provided inconsistent statements regarding why he obtained a passport. Rather, he argued that this finding is not supported by substantial evidence, because it does not go to the "heart of the claim." However, credibility determinations under the REAL ID Act

2

no longer need to go the heart of the claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, even if this inconsistency were minor, *see, e.g.*, *Enying Li v. Holder*, 738 F.3d 1160, 1166 (9th Cir. 2013) (noting that "when and why [petitioner] applied for a passport are central to determining whether she suffered religious persecution"), Zhao's argument lacks merit.

C.     We lack jurisdiction to review Zhao's arguments regarding his lack of corroborative evidence. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). As the BIA noted, Zhao failed to raise any challenge to the IJ's finding that Zhao did not provide corroborative evidence of his attendance at Christian churches in the United States.

Based on the foregoing, the record does not compel the conclusion that the adverse credibility finding was in error. Accordingly, in the absence of credible evidence, Zhao has failed to show eligibility for asylum or withholding. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

2.     Substantial evidence supports the BIA's determination that Zhao failed to establish eligibility for CAT relief. Because Zhao's CAT claim is based on the same testimony that the IJ found to be not credible, it fails as well. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006). Zhao points to no

3

other record evidence that the IJ or the BIA should have considered to support his

CAT claim.  *See Farah*, 348 F.3d at 1157.

**PETITION FOR REVIEW DENIED.**